**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TUCSON ELECTRIC POWER COMPANY, an Arizona corporation, <br><br>       Plaintiff - Appellee, <br><br>  v. <br><br> PAUWELS CANADA INCORPORATED, a Canadian corporation, DBA CG Power Systems Canada Incorporated, <br><br>       Defendant - Appellant. | No. 14-15710 <br><br> D.C. No. 4:09-cv-00548-FRZ <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted April 15, 2016
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

Defendant Pauwels Canada Incorporated appeals the district court's grant of

summary judgment in favor of Plaintiff Tucson Electric Power Company based on

strict product liability in a case in which Tucson Electric alleged defective

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

manufacturing of an electrical transformer that exploded. Pauwels also appeals the district court's denial of Pauwels's cross-motion for summary judgment limiting damages to the purchase price of the transformer. We affirm in part, vacate in part, and remand.

We review the grant or denial of summary judgment de novo. *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 948–49 (9th Cir. 2002). We review evidentiary rulings made in the context of summary judgment for an abuse of discretion. *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).

The district court granted summary judgment in favor of Tucson Electric after discounting the testimony of Pauwels's expert, Rick Bonyata, as based on "speculation and conjecture." The party opposing summary judgment bears the burden to "produce some evidence, other than speculation or guesswork" sufficient to create a genuine dispute of material fact. *Guidroz-Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). The court made clear that it did not exclude Bonyata's testimony based upon a finding that it lacked scientific reliability under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Instead, it appeared to reject Bonyata's opinion that the explosion was not caused by a manufacturing or installation defect because there was no direct

2

evidence to support Bonyata's alternative theory that the explosion was caused by improper maintenance and damage to an external bushing.

We appreciate the position the district court was in, as the parties have not done a very good job of explaining the expert theories and related evidence to us, and it does not appear that they did any better before the district court. Nonetheless, testimony by an expert witness, based on reasoned inference and circumstantial evidence, that a given event occurred does not amount to speculation and conjecture just because he cannot cite direct evidence of the given event occurring. That is the essence of circumstantial evidence, defined as "evidence based on inference and not on personal knowledge or observation." *Black's Law Dictionary* (10th ed. 2014). Indeed, the court's conclusion that Tucson Electric had established a prima facie case of strict product liability rested on the same kind of inference by Tucson Electric's expert, Joseph Caggiano. He opined that there must have been a manufacturing defect, but he did not identify any direct evidence of combustible gases accumulating in the transformer tank or the presence of an ignition source within the tank.

Tucson Electric sought to undermine Bonyata's testimony by pointing to testimony that nobody observed or reported any contact with or damage to the bushing. The district court described that argument, without making clear whether

3

it relied upon it. Though such evidence might be persuasive, it was not incontrovertible proof that there had been no contact or damage. A reasonable jury could conclude that there had been damage not observed by the witnesses or that those witnesses were mistaken. Moreover, Pauwels sought to undermine Caggiano's theory by presenting physical and circumstantial evidence that the explosion was not caused by either a manufacturing or installation defect. Summary judgment is appropriate only when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). That was not the case here. The summary judgment in favor of Tucson Electric must be reversed.

Pauwels also appeals the district court's denial of its partial motion for summary judgment regarding limitation of liability. Pauwels moved for summary judgment on the issue of damages and asked the district court to limit such damages to "100% of the purchase price" of the transformer. However, the parties dispute the terms of the operative agreement as it relates to any limitation of liability. Further, it is not clear that any of the agreements between the parties limit or disclaim any tort liability (such as strict product liability). *See Salt River Project Agr. Imp. & Power Dist. v. Westinghouse Elec. Corp.*, 694 P.2d 198, 212–14 (Ariz. 1984), *abrogated on other grounds by Phelps v. Firebird Raceway, Inc.*, 111 P.3d 1003 (Ariz. 2005) (en banc) (explaining that, under Arizona law, parties may

4

contract to disclaim or limit any potential tort liability, but "they must expressly spell out their intention to do so"). Accordingly, we affirm the district court's denial of Pauwels's partial motion for summary judgment.

Each party to bear its own costs.

**AFFIRMED IN PART, VACATED AND REVERSED IN PART, AND REMANDED.**